Justice GOLDBERG,
concurring in part and dissenting in part.
I respectfully dissent from that portion of the majority’s decision that reverses the denial of the plaintiffs’ request for an award of attorneys’ fees. I begin by noting the fact that there are now four justices writing on this one case, which in itself is a statement about the merits of this case. Although I join the Chief Justice’s well-written opinion, in which he concurs in part and dissents in part, I nonetheless write separately. First, I agree with the Chief Justice that the discretion to award attorneys’ ‘fees should remain with qur experienced and well-respected trial justices. Second, in the absence of briefing and argument, I am not convinced that parties to a contract may saddle the Superior Court with mandatory jurisdiction dictating the award of attorneys’ fees. Cf. Sidell v. Sidell, 18 A.3d 499, 508 (R.I. 2011) (holding that parties cannot confer subject matter jurisdiction on a court when jurisdiction is otherwise lacking). Furthermore and critically, G.L.1956 § 9-1-45 provides for an award of attorneys’ fees in contract actions[7] and thus can be read as in derogation of the common law American rule. Under our jurisprudence, the award of attorneys’ fees in contract actions rests within the - discretion of the trial justice, and, in passing on a request for an award of attorneys’ fees, this Court has heretofore deferred to that discretion.
Next, I note that this Court has ignored its own observation about the “exceptional and virtually unique circumstances” of this case and contradicted its own rationale for affirming other aspects of the trial justice’s decision. . Section 11.3 of the Goat Island South Condominium Second Amended and Restated Declaration of Condominium (GIS SAR) — the'governing document-for this toxic, litigious community that by -now has become an all-too-familiar appellation in the courts — provides, in relevant - part, that:
“Violation of any of the terms of the [GIS SAR] * * * shall be grounds for relief which' will include, but not be limited to, any actions for * * * injunctive' relief * * *. ' Any such violator shall be liable for all court costs and attorney [s’] fees incurred in enforcing the rights pursuant to the preceding sentence * *' (Emphasis added.)
Of critical importance, defendant commenced construction of the challenged addition at a time when thé law was not yet settled as to whether the approval from the owners of all 154 units was required— or, in other words, whether proceeding in the absence of such approval constituted a violation of the GIS SAR. Indeed, this Court issued its opinion in Sisto v. America Condominium Association, Inc., 68 *124 A.3d 603, 617 (R.I.2013) (Sisto I), in June 2013, more than two years after construction of the extension to Unit 18 commenced.
Moreover, before that opinion was issued, several guideposts suggesting that defendant was acting in conformity with the GIS SAR were in place. As the majority readily notes, the expansion of Unit 18’s original footprint was sanctioned by a Superior Court consent order, to which defendant’s predecessors-in-interest were parties. With respect to the 2011 expansion, . the Goat Island South Executive Board issued an advisory opinion one month before construction began assuring that the plans submitted by defendant’s predecessors-in-interest were in accordance with § 2.3 of the GIS SAR. Uncon-troverted testimony from Bennie Sisto indicated that defendant’s expansion of Unit 18 was based on the approved plans and that the actual extension was slightly smaller than that initially intended by defendant’s predecessors-in-interest. Significantly, nine other units in Harbor Houses Condominium had been permitted to expand in the same manner without objection from America Condominium Association. Further, plaintiffs allowed their request for preliminary injunctive relief to proceed to a drawn-out trial while construction on Unit 18 remained ongoing.
These factors are of vital significance because, at the time of the construction, the parties did not have the benefit of this Court’s interpretation of G.L.1956 § 34-36.1-2.17(d), as set forth in Sisto I, 68 A.3d at 614. While the construction began in 2011, the basis of the determination that defendant had violated the GIS SAR by not obtaining unanimous approval from the owners of the other 153 units did not ripen until 2013. Requiring the payment of attorneys’ fees under such circumstances leads to a patently unjust result.
The majority cites many of the above-referenced factors to support its conclusion that the trial justice did not abuse her discretion in declining to issue an injunction requiring the removal of the expanded section of Unit 18. I respectfully submit that overruling this seasoned and experienced trial justice on the issue of attorneys’ fees on the one hand and affirming her decision to deny injunctive relief on the other gives rise to an inconsistent and perplexing outcome that is neither required nor warranted.
For the foregoing reasons, I respectfully dissent from the majority’s decision reversing the trial justice’s denial of the plaintiffs’ request for an award of attorneys’ fees and concur as to all other issues.

. General Laws 1956 § ‘9-1-45 provides, in its entirety:
"The court may award a reasonable attorney[s'] fee to the prevailing party in any civil action arising from a breach of contract in which the court:
"(1) Finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party; or
"(2) Renders a default judgment against the losing party-.” (Emphases added,)